UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THEODIS SEWELL,

    Petitioner,

    v.                            CAUSE NO. 3:21-CV-699-DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Theodis Sewell, a prisoner without a lawyer, filed an amended habeas corpus petition challenging a disciplinary proceeding at Westville Correctional Facility (WCC 19-07-0314) in which he was found guilty of "abusive sexual contact." (ECF 7.) The respondent moves to dismiss, arguing that this disciplinary conviction did not lengthen the duration of Mr. Sewell's confinement and thus cannot be challenged in a habeas petition. (ECF 16.) For the reasons stated below, the motion is granted.

In October 2019, Mr. Sewell was found guilty of violating disciplinary rule B-204 after he was observed by a guard touching his wife's buttocks during a contact visit. (ECF 7-1.) The hearing officer gave him a written reprimand and temporarily suspended some of his privileges. (*Id.*) The hearing officer also imposed a sanction of 30 days lost good-time credits, but suspended the sanction provided that Mr. Sewell did not commit any additional disciplinary infractions for a period of six months. (*Id.*) In January 2020, Mr. Sewell was found guilty of a new disciplinary infraction, possession of unauthorized

property, so the suspended sanction for the sexual contact charge was imposed. (ECF 16-3.)

However, on January 6, 2022, after Mr. Sewell filed his federal habeas petition, the Department of Correction reduced the charge to a class D offense, unauthorized contact, reversed the loss of good-time credits, and returned the credits to Mr. Sewell. (ECF 16-1; ECF 23-1 at 5.) Because the disciplinary conviction did not lengthen Mr. Sewell's sentence, he cannot challenge it through 28 U.S.C. § 2254. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

Mr. Sewell filed a response to the motion to dismiss, and separately moves for "summary judgment" in his favor.[1] (ECF 18, 21.) In effect, he finds it unfair that the court would not consider his claims on the merits since he was subjected to disciplinary action. However, the question is whether the disciplinary conviction he challenges resulted in a sanction that lengthened the duration of his confinement. *Hadley*, 341 F.3d at 664. The record shows undisputedly that it did not. He also argues that as a result of this incident he still has limits on his visitation, but this pertains to the conditions of his confinement, not the duration of his custody. He cannot challenge the conditions of confinement in a habeas petition. *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) ("[H]abeas corpus is

---

[1] The latter motion is labeled as being filed under Federal Rule of Civil Procedure 56, but that Rule is inapplicable to habeas corpus proceedings. *See generally* Rules Governing Section 2254 Cases.

not a permissible route for challenging prison conditions."). Therefore, the petition must be dismissed.

As a final matter, Mr. Sewell filed a document asking for more time to consider whether to consent to the magistrate judge's jurisdiction. There is nothing requiring him to provide such consent; and, because the case is being resolved in this order, it is unnecessary to grant him additional time.

For these reasons, the court:

(1) GRANTS the respondent's motion to dismiss (ECF 16) and DISMISSES the petition;

(2) DENIES the petitioner's motion for summary judgment (ECF 21) and motion for an extension of time (ECF 15); and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

March 17, 2022 *s/ Damon R. Leichty*
Judge, United States District Court